IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
DIVISION OF FORT LAUDERDALE

| | |
|---|---|
| **BANK OF AMERICA, N.A.** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Case No: _____ |
| | ) |
| | ) |
| **YANET DIAZ** | ) |
| 8501 NW 23rd Street | ) |
| Pembroke Pines, FL, 33024 | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

Plaintiff Bank of America, N.A. ("BANA") brings this Complaint to enforce a personal guaranty executed by Defendant Yanet Diaz ("Guarantor") arising from a loan made by BANA to Diaz Dental Group LLC ("Borrower"). In support of its Complaint, BANA states and alleges as follows:

### JURISDICTION, PARTIES, AND VENUE

1. Jurisdiction in this Court is based upon 28 U.S.C. § 1332(a) in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

2. BANA is a national banking association with its headquarters located in Charlotte, North Carolina, and is therefore a citizen of North Carolina for jurisdictional purposes.

3. Borrower is a Florida limited liability company.

1

4. Borrower filed for Chapter 7 bankruptcy protection. Accordingly, Borrower is not named as a party in this lawsuit but is identified for purposes of establishing the claims asserted against Guarantor.

5. Upon information and belief, Borrower's sole member is Guarantor.

6. Guarantor is an individual who resides in Pembroke Pines, Florida, and is therefore a citizen of Florida.

7. Venue and personal jurisdiction are proper in this District and division pursuant to Fed. R. Civ. P. 4(k)(1)(A) and 28 U.S.C. § 1391(b)(2), because Guarantor conducted business in this District and because a substantial part of the events or omissions giving rise to BANA's claims, including Guarantor's failure to pay the amounts owed as described below, occurred in this District.

8. Guarantor agreed to jurisdiction and venue in this District pursuant to the terms of the Guaranty, as defined below.

## GENERAL ALLEGATIONS

**A. The Loan Documents**

9. On or around August 29, 2016, BANA provided Borrower a term loan in the original principal amount of Three Hundred Thousand and 00/100 Dollars ($300,000.00) (the "Loan").

10. The Loan is evidenced by, among other things, the Loan Agreement dated August 29, 2016, between Borrower and BANA (the "Original Loan Agreement").[1]

11. Pursuant to the Loan Agreement, Borrower was required to, *inter alia*, repay principal and interest on the Loan in equal installments of Three Thousand One Hundred Forty-Five and 43/100 dollars ($3,145.43) each month.[2]

12. Repayment of the Loan and any and all indebtedness of Borrower to Bank is guaranteed by Guarantor pursuant to that certain Continuing and Unconditional Guaranty dated August 29, 2016 (the "Guaranty").[3]

13. The obligations of Guarantor under the Guaranty are independent of the obligations of Borrower.[4]

14. Pursuant to the Guaranty, Guarantor waived her right to a jury trial.[5]

15. The Loan Agreement, the Guaranty, and all other documents evidencing, relating to, and/or securing repayment of the Loan are referred to collectively as the "Loan Documents."

**B.    Guarantor Breach of Obligation to Pay.**

16. Failure to make payment when due constitutes an event of default under the terms of the Loan Agreement.[6]

17. Borrower failed to timely pay the full monthly payment that was due on December 10, 2020, and every subsequent payment thereafter ("Monthly Payment Defaults").

18. The filing by Borrower of a voluntary petition for bankruptcy protection constitutes an event of default under the terms of the Loan Agreement.[7]

19. Borrower filed for chapter 7 bankruptcy protection in the Southern District of Florida on January 18, 2021 ("Bankruptcy Default").

20. An event of default occurs under the terms of the Loan Agreement if the Borrower or any other obligor, including Guarantor, experiences a material adverse change.[8]

---

[1]    A true and correct copy of the Original Loan Agreement is attached to this Complaint as Exhibit A.
[2]    Exhibit A, § 1.4(a).
[3]    Guaranty, § 1.  A true and correct copy of the Guaranty is attached to this Complaint as Exhibit B.
[4]    Exhibit B, § 2.
[5]    Exhibit B, § 23.
[6]    Exhibit A, § 8.1.
[7]    Exhibit A, § 8.6.
[8]    Exhibit A, § 8.11.

21. Borrower discontinued operating its business when it filed for chapter 7 bankruptcy protection, thereby constituting a material adverse change ("Adverse Change Default").

22. By letter dated January 26, 2021, BANA informed Guarantor of the Monthly Payment Default, the Bankruptcy Default, and the Adverse Change Default (collectively, the "Defaults"); notified Guarantor that the maturity date of the Loan had been accelerated; and demanded immediate payment in full of the entire outstanding balance due and owing to BANA.

23. To date, Guarantor has failed to pay in full the amounts due and owing under the Loan Documents.

24. As of the date of this Complaint, the outstanding principal balance due and owing under the Loan Agreement is no less than no less than $238,950.11, plus accrued unpaid interest, late fees, and other fees and charges as provided in the Loan Documents.

25. Further, under the terms of the Loan Agreement and Guaranty, BANA is entitled to recover all of its legal fees and expenses incurred in connection with its enforcement and collection of the outstanding balance due and owing under the Loan.[9]

## COUNT I
## BREACH OF GUARANTY

26. BANA hereby re-alleges and incorporates by reference the allegations contained in the foregoing paragraphs as if set forth fully herein.

27. Under the terms of the Guaranty, Guarantor absolutely and unconditionally guaranteed full and punctual payment to BANA of the entire unpaid outstanding balance of the Loan when due upon maturity, acceleration or otherwise.[10]

---

[9] Exhibit A, § 9.8(c).
[10] Exhibit B, § 1.

28. Guarantor has failed and refused to pay BANA the amounts due and owing upon BANA's demand after acceleration of the amounts owed under the Loan Documents.

29. By failing to pay the full amount due and owing to BANA, Guarantor has breached her obligations under the Guaranty.

30. As a direct result of Guarantor's breach, BANA has been damaged in the amount of no less than $238,950.11, plus accrued, unpaid interest; late fees; and other fees and charges as provided in the Loan Documents, plus such interest, costs, and fees that shall continue to accrue until BANA is paid in full.

31. BANA has hired counsel to pursue recovery against Borrower and against Guarantor.  Therefore, pursuant to the express terms of the Loan Documents and to the extent allowable under applicable law, BANA is entitled to an award recovering all of the legal costs and fees it has and will incur with respect to recovery of the outstanding balance of the Loan and the pursuit of its claims against Guarantor.

## **PRAYER FOR RELIEF**

WHEREFORE, BANA prays for and respectfully requests that this Court:

a. award a monetary judgment against Guarantor in the amount of no less than $238,950.11 plus pre-judgment interest at the contracted default rate through the date of judgment; attorneys' fees and other costs and expenses incurred; plus post-judgment interest at the maximum rate provided by law.

b. grant such further and other relief as the Court deems just and proper.

Date: May 28, 2021                                         Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: /s/ *Kevin Arocha*
   Kevin Arocha, Esq.
   Florida Bar No. 1019330
   1201 W Peachtree St NW, 14th Floor
   Atlanta, Georgia 30309
   Telephone: (404) 572-6737
   kevin.arocha@bclplaw.com

   ATTORNEY FOR PLAINTIFF